JAMES P. TUTTLE, APPELLEE, v. CAROL M. TUTTLE, APPELLANT.

227 N. W. 2d 27

Filed March 27, 1975. No. 39773.

James W. Moriarty, for appellant.

E. Dean Hascall, for appellee.

Heard before SPENCER, BOSLAUGH, CLINTON, and BRODKEY, JJ., and RONIN, District Judge.

BOSLAUGH, J.

This was an action for dissolution of a marriage. The trial court dissolved the marriage; awarded custody of the minor child of the parties to the petitioner with visiting rights in the respondent; divided the property and awarded alimony to the respondent in the amount of $75 per month for 30 months. The respondent has appealed and contends the award of alimony was inadequate.

The parties were married for the first time in 1958. They were divorced in 1963 and remarried in February 1967. They separated 5 months later, but were reconciled in December 1968, or January 1969. They separated again in January 1972, and a divorce action was

commenced in Louisiana. The Louisiana proceeding was dismissed and this action commenced in 1974.

The parties in this action accumulated very little property during the marriage. The property division which was made is of no importance in determining this appeal.

Among matters to be considered in making an allowance of alimony are the circumstances of the parties, the duration of the marriage, the contributions to the marriage by each party, and the ability of the supported party to engage in gainful employment. § 42-365, R. S. Supp., 1974.

The respondent is approximately 45 years of age. She was employed as a clerk-stenographer in civil service in 1952 or 1953 with GS-4 and GS-5 ratings and earned approximately $4,800 per year. She has a congenital heart defect and suffered a paralysis on August 1, 1970, which has interfered with her typing and shorthand. She has been receiving medical treatment for this condition, and is participating in a rehabilitation program in Massachusetts. She hopes to be able to return to full-time employment.

The respondent has been living with her mother and receiving disability payments amounting to $132 per month from the Commonwealth of Massachusetts. She earned approximately $700 last year from domestic work and baby-sitting.

The petitioner has an annual income of slightly over $25,000. Of this amount, approximately $6,000 is military retirement pay.

The alimony award which was made amounts to less than one-tenth of the petitioner's income for one year. In view of the health problems which the respondent has and her limited ability at the present time to engage in gainful employment, we believe the alimony award was inadequate.

The judgment of the District Court is modified to increase the monthly payments to $200 per month for 30

months. The judgment as modified is affirmed. The respondent is allowed $350 for the services of her attorney in this court.

AFFIRMED AS MODIFIED.